**UNITED STATES of America,**
**Appellee,**

**v.**

**Juan Urias MEDINA, a/k/a Juan Medina Urias, a/k/a Juan Medina Becerra, a/k/a Francisco Becerra, a/k/a Francisco Lopez Becerra, a/k/a Juan de Dios, a/k/a Jesus, a/k/a Poncho, Defendant–Appellant.**

Docket No. 04–3857.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2005.

Bruce R. Bryan, Syracuse, NY, for Appellants.

Robert P. Storch, Assistant United States Attorney/Senior Litigation Counsel, Northern District of New York, Syracuse, N.Y. (Glenn T. Suddaby, United States Attorney, and Richard S. Hartunian, Assistant United States Attorney, on the brief), for Appellee.

Present: CARDAMONE, POOLER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is **AFFIRMED** as to the conviction and **REMANDED** pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

Juan Urias Medina appeals his conviction of conspiracy to possess and distribute marijuana in excess of one thousand kilograms and the resulting sentence of one hundred and thirty-five months imprisonment. We assume the parties' familiarity with the facts, procedural history below, and specification of appellate issues, and hold as follows.

■ First, assuming but not deciding that the admission of grand jury testimony and a statement made in response to police interrogation by a co-defendant violated the Sixth Amendment, *see Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *but see United States v. Lung Fong Chen*, 393 F.3d 139, 150 (2d Cir.2004), the error was harmless as a matter of law because the government has established beyond a reasonable doubt that the error complained of did not contribute to the verdict, *see United States v. McClain*, 377 F.3d 219, 222 (2d Cir.2004); *United States v. Bruno*, 383 F.3d 65, 79–80 (2d Cir.2004) (applying plain error standard to unpreserved *Crawford* challenge). At trial, two eyewitnesses and co-conspirators testified in convincing detail to Medina's participation in the conspiracy, while the out-of-court statements neither named Medina nor described a period during which he participated in the conspiracy. In addition, significant portions of the eyewitness testimony were corroborated independent of the challenged Overbaugh statements. Further, Medina can hardly demonstrate prejudice from statements detailing the origins of the charged conspiracy when his attorney conceded both the existence of the conspiracy and Medina's membership in it in his closing argument to the jury. Medina strategically decided to challenge only the government's proof as to drug quantity, an element on which the challenged statements offer no evidence, direct or circumstantial.

■ Second, the district court did not abuse its discretion when it denied Medina's motion to sever his trial from that of other conspirators. Medina identifies no specific evidence that substantially prejudiced him so as to cause us to believe that a miscarriage of justice has occurred. *See United States v. Spinelli*, 352 F.3d 48, 54 (2d Cir.2003).

■ Third, we will not reverse based on Medina's argument that the government proved multiple conspiracies, not a single conspiracy. As already noted, Medina conceded his membership in the charged conspiracy at trial. Even without this concession, we conclude that the jury could properly find the single conspiracy charged in the indictment because there was mutual dependence among the various conspirators and a common aim or purpose. *See United States v. Williams*, 205 F.3d 23, 33 (2d Cir.2000). Contrary to

**34**

Medina's contention, it is not determinative that the members of the conspiracy changed or that the locale of operations varied. *See id.*

Fourth, the jury had sufficient evidence from which it could conclude beyond a reasonable doubt that Medina's participation in the conspiracy involved more than 1,000 kilograms of marijuana. Even interpreting the testimony of the eyewitnesses very conservatively, Medina supplied more than 1,000 kilograms.

Fifth, the district court did not err in its Guidelines calculation that Medina was responsible for between 1,000 and 3,000 kilograms of marijuana. As a preliminary matter, the district court' calculation did not increase the offense level beyond that triggered by the jury's finding of more than 1,000 kilograms. *See* U.S.S.G. § 2D1.1(c)(4). In addition, the eyewitness testimony amply supported the district court's finding.

Finally, because the district court construed the Guidelines as mandatory, we will remand, pursuant to *Crosby.*

Medina's conviction is therefore affirmed, and this matter remanded for further proceedings consistent with this order and with *Crosby.* Any appeal taken from the district court following this remand, and resentencing, if it occurs, can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b). A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.